By the Court.—Ingraham, J.
The court charged the jury “ that the plaintiff must prove a warranty concerning an existing fact, and hence they must prove that the defendants represented in words or in substance at least, that their warehouse was unqualifiedly frost proof.”
We adopt this as a correct statement of the law, and the question that is at once presented is whether there was evidence to sustain a finding of the jury, that the *267 defendants represented in words or substance that their warehouse was unqualifiedly frost proof.
The plaintiffs called as a witness a clerk in their employ, who testified that he asked Mr. Mallett, one of the defendants, if his warehouses were free and safe from frost, and that he said they were; that subsequently, after the arrangement as to the price was effected, reference was made as to the liability of these bulbs to freeze. Witness said to defendants that they would freeze as quick as eggs. Defendants said there was no danger whatever; that they would keep them all right.
This was the only testimony which tended to show that the defendants represented the warehouses were a frost proof.”
There .was no such representation in words in this testimony. The question was “ whether the warehouses were free and safe from frost.” The very form of the question called for the expression of an opinion and not the representation of an existing fact, and if any fact was represented to exist, it was that at the time the words were spoken the warehouses were free from frost. Nothing was said about the time that the bulbs were to remain in the warehouses, or that the warehouse was so constructed and arranged that the bulbs would not freeze if allowed to remain there all winter, in other words were “ frost proof.”
The representation, so far as it refers to the existence of a fact, would be true if at the time the warehouse was free from frost, and there is no proof to show that at that time it was not in that condition. On the contrary, it appeared that the bulbs that remained three or four days after the statements were made, were in good order. It was only the bulbs that remained fourteen days that were found to be frozen.
This case is very near to the safe case, Walker v. Milner, 4 Fost. & F. 745. In that case the statement was that “ the safe in question was thief proof; that noth *268 ing can break into it,” and it was held that the words should not be understood in the sense of a warranty or assurance of perfect safety, but merely as representing a high degree of strength and that they were merely promissory.
The case of Hickey v. Morrell, 102 N. Y. 463, recognizes the rule that no man is liable for a mere expression of opinion or judgment, but holds that the statement in that' case that the exterior of the storehouse was fire proof, was not a matter of opinion, for it defines a state or condition, and if part of the exterior was wood it may be properly regarded as a false statement of a fact. But in this case there wras nothing said about the construction of the building that of itself' would prevent the bulbs from freezing. The statements were that the warehouses were free and safe from frost, and that there was no danger of the bulbs freezing. This fell far short of a representation that the warehouse was “ frost proof,” and was not sufficient to sustain the verdict of the jury.
There was no evidence that the defendant made the statement in bad faith or that he had any doubt about the safety of the bulbs, and I think that the complaint should have been dismissed.
It will be well to call attention to the allegation in the complaint. It is there stated that plaintiffs delivered the bulbs to the defendants upon the express agreement and warranty that the same should be kept in a frost proof place, and should be delivered to plaintiffs when called for, in as good and perfect condition as when delivered to defendants for storage. There was an entire absence of any proof to sustain this allegation, but as the point does not seem to have been taken on the trial, it is perhaps too late to take it on appeal.
Assuming however, that there was sufficient to sustain the verdict of the jury, it is clear that the charge, at the request of the plaintiffs, that if defendants stated as matter of fact that their warehouse was as frost proof as *269 brick, iron and mortar could reasonably be expected to make it, and that said warehouse was not so frost proof, then plaintiffs were entitled to recover, was error. In the first place, there was no evidence that the defendants ever made such a statement. The defendant testified that when plaintiffs’ clerk asked him about frost, he said he did not know anything about that; that the warehouse was as good as brick, iron and mortar could make it. In the second place, such a statement is plainly an opinion as to what could be reasonably expected of brick, iron and mortar, and is certainly not a fact. In the third place, there was not the slightest evidence that the warehouse was not as frost proof as brick, iron and mortar could be reasonably expected to make it, or in fact what could reasonably be expected of these materials.
The judgment must be reversed, and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.