Ingraham, J.
The court charged the jury, “that the plaintiff must prove a warranty .concerning an existing fact and hence they must prove that the defendant represented in words, or in substance at least, that their warehouse was unqualifiedly frost-proof.”
■ We adopt this as a correct statement of the law and the question that is at once presented, is whether there was evidence to sustain a finding of the jury, that the defendants represented in words, or substance that their warehouse was unqualifiedly frost-proof.
The plaintiff called as a witness a clerk in his employ who testified that he asked Mr. Mallett, one of the defendants, if his warehouses were free and safe from frost, and that he said they were. That subsequently after the arrangement as to the price was made,, reference was made as to the liability of these bulbs to freeze. Witness said to defendants that they would freeze as quick as eggs. Defendant said there was no danger whatever; that they would keep them all right.
This was the only testimony which tended to show that the defendants represented the warehouses were “frost-proof.”
, There was no such representation in words in this testimony. The question was " whether the warehouses were free and safe from frost. ” The very form of the question called for *264 the expression of an opinion, and not the representation of an existing fact, and if any fact was represented to exist, it was that at the time the words were spoken, the warehouses were free from frost. Nothing was said'about the time that the bulbs were to remain in the warehouses or that the warehouses were so constructed and arranged that the bulbs would not freeze if allowed to remain there all winter—in other words, were “frost-proof.”
The representation, so far as it referred to the existence of a fact, would be.true if at the time the storehouse was free from frost, and there is no proof to show that at that time it was not in that condition. On the contrary, it appeared that the bulbs that remained three or four days after the statements were made were in good order. It was only the bulbs, that remained fourteen days, that were found to be frozen.
This case is very near to the safe case. Walker v. Milne, 4 F. & F., 745. In that case the statement was that “the safe in question was thief-proof; that notning can break into it.” And it was held that the words should not be understood in the sense of a warranty or assurance of perfect safety, but merely as representing a high degree of strength and that they were merely.promissory.
The case of Hickey v. Morrell (102 N. Y., 463; 2 N. Y. State Rep., 408); recognizes the rule that no man is liable for a mere expression of opinion or judgment, but held that the statement in that case, that the exterior of the storehouse was fire-proof was not a matter of opinion, for it defines a state or condition, and if part of the exterior wa& wood, it may be properly regarded as a false statement of a fact, but in this case there was nothing said about the construction of the building, that of itself would prevent the bulbs from freezing. The statement was that the warehouses were free and safe from frost, and that there was no danger of the bulbs freezing.
This fell far short of a representation that the warehouse was “frost-proof,” and was not sufficient to sustain the verdict of the jury. °
There was no evidence that the defendant made the statement in bad faith, or that he had any doubt about the safety of the bulbs, and I think that the complaint should have been dismissed.
It will be well to call attention to the allegation in the complaint.. It- is there stated that plaintiff delivered the bulbs to the defendant upon the express agreement and warranty that the same should be kept in a frost-proof place and should be delivered to plaintiff when called for in as good and perfect condition as when delivered to defendants for storage.
*265 There was an entire absence of any proof to sustain this allegation, but as the point does not seem to have been taken on the trial, it is perhaps too late to take it on appeal.
Assuming, however, that there was sufficient to sustain the verdict of the jury it is clear that the charge, at the re-
?[uest of the plaintiff, that if defendants stated as matter of act that their warehouse was as frost-proof as brick, iron and mortar could reasonably be expected to make it, and that said warehouse was not so frost-proof, -then plaintiff was entitled to recover, was error.
In the first place there was no evidence that the defendants ever made such a statement. The defendant testified that when plaintiff’s clerk asked him about frost he said he did not know anything about that; that the warehouse is-as good as brick, iron and mortar could make it; and in the second place such a statement is plainly an opinion, as to what could be reasonably expected of brick, iron and mortar is certainly not a fact; and in the third place there was not the slightest evidence that the warehouse was not as frost-proof as brick, iron and mortar could reasonably be expected to make it, or in fact what could reasonably be expected of these materials.
The judgment must be reversed and a new trial ordered* with costs to abide the event.
Sedgwick, Ch. J., and Freedman, J., concur.