GILDERSLEEVE, J. On September 1, 1906, the parties to this action entered into a written agreement by which the plaintiff agreed to pay $950 for the purchase price of the contents of a cigar store owned by the defendant. The plaintiff paid the sum of $100, as the agreement stated, "on account," and agreed to pay the balance of $850 on September 15, 1906. The plaintiff also agreed to pay the broker's commission. This action was brought to recover the amount of such deposit. The court below gave a judgment for the plaintiff for $50. This was error. Under the testimony the plaintiff, if entitled to recover at all, should have had a judgment for the sum of $100, possibly less the broker's commission of $30, which the defendant had concededly paid, or the defendant should have had a judgment in his favor on the merits. There certainly is no foundation for the judgment as given, and it must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(52 Misc. Rep. 595)

CLIFFORD v. UNIVERSAL STORAGE WAREHOUSE & EXPRESS CO.

(Supreme Court, Appellate Term. February 11, 1907.)

1. WAREHOUSEMEN—LOSS OF GOODS—NEGLIGENCE.
   Evidence in an action for loss of goods stored in a warehouse destroyed by fire examined, and *held* to support a finding of a failure by the warehouseman to exercise ordinary prudence in the management of his own property, authorizing a recovery.

2. SAME—FALSE REPRESENTATIONS BY WAREHOUSEMAN.
   Evidence in an action for loss of goods stored in a warehouse destroyed by fire examined, and *held* to support a finding that the warehouseman falsely represented that the warehouse was fireproof, authorizing a recovery.

Appeal from City Court of New York.

Action by William G. Clifford against the Universal Storage Warehouse & Express Company. From a judgment of the City Court of New York, entered on the dismissal of the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William L. Cahn, for appellant.

Leopold Leo, for respondent.

MacLEAN, J. Having lost certain goods stored in the defendant's warehouse, which, with its contents, was destroyed by fire, the plaintiff brought this action for two causes: (1) The negligence in failing to take proper care; and (2) deceit in falsely and fraudulently representing the warehouse to be a fireproof building, whereby the plaintiff, the same believing, was induced to store in said warehouse his goods and effects. The complaint was dismissed as to both causes of action.

Although in support of the first the proof was meager indeed, there was evidence, from the situation found by the firemen in breaking in the doors and the testimony, that articles so readily combustible as old rags, burlaps, and excelsior were stored in an old van near the elevator

shaft, from which might have been inferred lack on the part of the bailee of the care which persons of ordinary prudence exercise in the management of their own property.

Upon the second cause of action there was sufficient to present an issue for consideration of the jury, under the doctrine laid down in Hickey v. Morrell, 102 N. Y. 454, 7 N. E. 321, 55 Am. Rep. 824, and followed since; for, as the plaintiff testified, with some corroboration by the defendant's president, upon his application, less than three weeks before the fire, for storage at the company's office, he was referred by the secretary to one Altschul, a stock clerk and foreman, who, upon inquiry by the plaintiff as to the condition of the building, said: "It is an absolutely fireproof building." The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(52 Misc. Rep. 658)

### ÆTNA LIFE INS. CO. v. PELHAM.

(Supreme Court, Appellate Term.   February 4, 1907.)

EVIDENCE—WEIGHT AND CONCLUSIVENESS OF ADMISSIONS.

One is not bound by a letter in which he claimed only a certain amount, where he gives proof that the letter erroneously stated the amount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1029, 1031.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.