## PHYFE v. COHEN.

(Supreme Court, Special Term, New York County. November 9, 1911.)

SPECIFIC PERFORMANCE (§ 53*)—CONTRACTS ENFORCEABLE—FRAUD.

The statement by plaintiff's agent, in contracting to sell an apartment house to defendant, that the house could be altered so as to yield a larger income, was but opinion, and not fraud, and was no defense to specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 160–171½; Dec. Dig. § 53.*]

Action by Anna A. Phyfe against Nettie Cohen. Judgment for plaintiff.

Stoddard & Mark, for plaintiff.
Strouse & Strauss, for defendant.

NEWBURGER, J. This action is brought for specific performance. Plaintiff is the owner of an apartment house on the south side of Fifty-Sixth street, about 225 feet east of Ninth avenue. On the 17th of March, 1910, a contract was entered into between the plaintiff by one Bedell, her agent, with the defendant, whereby the plaintiff agreed to sell and the defendant to purchase the premises. The plaintiff at the time being absent from this country, the contract provided that she was to sign a counterpart thereof on or before the 6th of April, 1910. The defendant paid on account of said contract the sum of $100. On the 5th of April the parties met at the office of the attorney for the defendant, and the plaintiff tendered a counterpart of said contract, duly signed and acknowledged, and demanded that the defendant accept the same and pay to the plaintiff the sum of $4,900 provided in said contract to be paid upon the delivery of the counterpart. The defendant refused to accept the counterpart, or to pay the sum demanded, on the ground that she was induced to sign the original contract upon certain representations that had been made by the agent of the plaintiff, which representations she (the defendant) claimed to be false and untrue. The representations referred to consisted in statements made by the agent that the apartment house could be altered so that a larger income could be obtained.

Conceding that such representations were made, they were mere expressions of opinion, as they related, not to existing facts, but to something that was yet to come into existence. It has been repeatedly held that mere expressions of opinion will not vitiate a contract. As was said in Hickey v. Morrell, 102 N. Y. 461, 7 N. E. 325, 55 Am. Rep. 824:

"Matters of opinion, stated merely as such, will not, in general, form the ground to a legal charge of fraud."

The statements made by the agent as to the rent were not statements of a fact, but were simply the expression of an opinion as to what might or could be done if the alterations were made. They were not such representations as would warrant this court in holding that the contract was entered into by fraud. Therefore judgment is directed for the plaintiff for specific performance.

Findings passed upon.

