JOHN H. BENZ, Respondent, *v.* GEORGE J. KADERBECK and Another, Defendants, Impleaded with GORDON S. MOHR, Appellant.

Fourth Department, June 27, 1934.

*William J. Magavern* [*John W. Ryan* of counsel], for the appellant.

*Willard H. Ticknor* [*Robert W. McNulty* of counsel], for the respondent.

THOMPSON, J. The question before us is the sufficiency of the testimony to support plaintiff's recovery against defendant for fraud claimed by plaintiff to have been practiced upon him by defendant in the purchase and sale of a second mortgage. Plaintiff was a customer of a bank in which defendant was an officer and an employee. The mortgage in question was not owned by defendant, or the bank, but was the property of certain customers of the bank, who desired to sell it. Plaintiff informed defendant that he wanted to buy a first mortgage for around $1,200, and defendant called his attention to the mortgage in question, and plaintiff afterwards, and on October 21, 1931, bought it of its owners. Defendant had no interest in the mortgage, or its sale, except as he acted for the bank. The principal sum secured by the mortgage was $1,475, payable in installments of $250, semi-annually, with interest at the rate of six per cent per annum, the whole amount to become due three years from its date. It was subject to two prior mortgages, one for $5,000 and the other for $1,000, upon which $500 had been paid; both were owned by the same person. The mortgage was offered to plaintiff at a $200 discount, and upon its purchase plaintiff paid the sum of $1,275. The fraudulent representations which plaintiff claims defendant made, and that he relied upon in the purchase of the mortgage, were that it was " a good mortgage; there was only $6,000 *against it*, and the property was worth a whole lot more; it was assessed for $14,000." It is conceded that the property was actually assessed for the sum of $14,533; hence defendant's representations in this respect were true. It appears that at the time of the sale there were unpaid taxes, which were a lien upon the premises covered by the mortgage, in the sum of $1,287.30. Plaintiff does not claim that he inquired or that defendant made any representation with reference to taxes, but he insists that the statement that defendant made to him that there was only " $6,000 against it " by fair construction included not only the prior mortgage indebtedness but the tax item. But in this connection he testified that before he made out his check defendant told him that the $6,000 against the premises covered by the mortgage was composed of one mortgage of $5,000 and one of $1,000. This testimony might well be taken to negative plaintiff's claim that defendant intended his statement of the amount against the premises to cover the taxes against them which were due and unpaid.

To sustain his claim that the mortgage was not " good," plaintiff presented no proof except that the property was sold on the foreclosure of the two prior mortgages on March 1, 1933, and was struck off for the sum of $7,000. Defendant produced two

experts who testified that at the time of the sale the mortgage was worth the price that defendant paid for it, and that the property upon which it was a lien was worth the sum of $12,471.

The action was brought upon the theory that plaintiff was defrauded of the entire amount that he paid for the mortgage, and he contended at the trial, not that the mortgage was worth less than he paid for it, and that he was damaged to that extent, but that it was at all times entirely worthless, and that defendant thus fraudulently deprived him of the full amount that he paid for it. The court submitted the case to the jury upon this theory, charging it that its verdict must be for the full amount, or for the defendant, and the jury gave plaintiff the amount he sued for. We think that the verdict is against the weight of the evidence, and the judgment erroneous in several respects. It is not established by the greater weight of evidence that defendant made false representations of definite and material facts upon which plaintiff had a right to or did rely in the purchase of this mortgage. Plaintiff and defendant did not stand in a position of mutual confidence or trust. There was no fiduciary relationship between them. Defendant owed no duty to plaintiff in the transation, except to refrain from making false statements of facts, or resorting to conduct designed and intended to effect a deceit. Defendant had no financial connection with or interest in the ownership or sale of the mortgage. Defendant's statements that the mortgage was a good mortgage, good security, or other similar comments, were at the most, statements of opinion, and form no basis for fraud. " To constitute actionable fraud, the false representation relied upon must relate to a past or existing fact, or something equivalent thereto, as distinguished from a mere estimate or expression of opinion." (EDGCOMB, J., in *Bareham & McFarland, Inc.*, v. *Kane*, 228 App. Div. 396, 397, 398.) Actual fraud must be definitely established and must go to the essential factual essence of the transaction. One who asserts it must prove it. It will not be presumed. Negligence is not enough. (*Reno* v. *Bull*, 226 N. Y. 546.) In the circumstances we find neither fraud nor deceit.

Ordinarily the damages recoverable in an action for fraud and deceit are the difference between the amount paid and the value of that which was received. (*Hotaling* v. *Leach & Co.*, 247 N. Y. 84, 87.) The remedy of the one defrauded is indemnity. Plaintiff does not stand upon this rule, nor was the case submitted to the jury in accordance therewith. The complaint demanded judgment for the full amount of the fund parted with by plaintiff, upon the theory that he received no value for it. It was thus submitted to the jury, and the verdict rests upon such pleading and submission.

Plaintiff's testimony as to the value of the mortgage and the premises upon which it was given was remote in time, inconclusive, unsatisfactory and of uncertain probative value. " It may be doubted whether the price paid at such a sale is any evidence of the value of the property sold even at the time of the sale." (*Hotaling* v. *Leach & Co., supra*, 90.) Furthermore, because of its nature and form, it was misleading. In substance it in no way established that the mortgage was without value at the time of its purchase, or that the land was of insufficient value to secure payment of the mortgage indebtedness at that time. On the other hand, this testimony caused it to appear that as a result of the foreclosure of the prior mortgages, which took place some time after the sale of the mortgage in suit, its value was entirely and completely destroyed.

Although plaintiff brought the mortgage into court and tendered it to defendant demanding of him the price that plaintiff paid for it, this is not an action for rescission. Defendant did not sell the mortgage, or receive the money. The owners of the mortgage who did sell it, and who received the money, were joined as defendants in the action by plaintiff, but the complaint was dismissed as to them at the end of the plaintiff's case.

For these reasons the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.