THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM B. CLARKE, RANDALL SALISBURY and FREDERICK P. CONDIT, Appellants.

First Department, July 16, 1937.

*George Z. Medalie* and *Clarence J. Shearn* of counsel [*George Z. Medalie*, attorney], for the appellants Clarke and Condit.

*Harold Swain*, for the appellant Salisbury.

*John T. Cahill* of counsel [*Lawrence S. Lesser, Robert S. Rubin* and *John P. Walsh* with him on the brief; *William Copeland Dodge*, District Attorney], for the respondent.

UNTERMYER, J.  The defendants were charged with the violation of section 421 of the Penal Law in that as officers of the Bond and Mortgage Guarantee Company they circulated a booklet containing seven untrue representations of fact which, as set forth in the indictment, may be summarized as follows:

1. " The guarantee of the Company was issued only on mortgages carefully and wisely selected."

2. " A purchaser of the securities could be sure that the bonds secured by the mortgages were signed by responsible and financially good bondsmen."

3. " The properties on which the mortgages were given were worth enough more than the mortgages to cover the interest charges, taxes and possible foreclosure expense."

4. " The Company was strong enough to protect the investment of the purchaser if trouble came and could weather a financial storm."

5. " The Company did not guarantee mortgages on real estate until a building was built thereon and the security was there."

6. " The mortgages guaranteed by the Company were good when guaranteed, and remained safe because the Company carefully watches matters affecting the value of the mortgages specified on page 11 of the booklet, and required that the taxes and insurance on properties covered by such mortgages be promptly paid."

7. " The mortgages guaranteed by the Company were absolutely safe."

Section 421 of the Penal Law, so far as material, provides: " Any person * * * who, with intent to sell * * * merchandise, real estate, securities, service, * * * to the public * * * makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, * * * in a

\* \* \* pamphlet \* \* \* an advertisement, announcement or statement of any sort regarding \* \* \* securities \* \* \* so offered to the public which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading, shall be guilty of a misdemeanor."

It will be observed that the statute renders criminal any untrue representation of fact published or circulated in connection with the sale of securities, without regard to the honest belief of the person making such a representation that it is true. This was accomplished by omitting the word " knowingly " in the amendment of 1921 (Laws of 1921, chap. 520) where it formerly appeared in the statute (Laws of 1915, chap. 569). Both by its charge and by its refusals to charge, the court instructed the jury that it could convict the defendants if any one of the seven alleged statements of fact contained in the booklet was untrue though believed by the defendants to be accurate. The court charged that the defendants could not be convicted on account of the expression of any opinion, but submitted to the jury the question whether the statements contained in the booklet constituted matters of opinion or statements of fact. Since under the indictment, containing a single count, it can not be known upon which of these seven alleged statements the jury found the defendants to be guilty, the People, to sustain the conviction, are bound to maintain, and do maintain, that all the statements charged to have been false constituted statements of fact as distinguished from expressions of opinion. It follows that if one of the statements submitted to the jury as justifying the conviction of the defendants was merely the expression of an opinion not constituting any crime, then the judgment must be reversed, since the jury may have convicted the defendants exclusively on that ground.

We think that certain of the statements contained in the booklet are expressions of opinion which should not have been submitted to the jury. The statute, though it imposes criminal responsibility for representations made without dishonest intent, contains the limitation that the representation must be one " of fact." In view of the discordant opinions which may reasonably be entertained concerning corporate securities, this limitation of the statute will hardly be regretted. Applying that limitation to the present case, we are of opinion that the alleged representations numbered 1, 3, 4 and 7 constitute mere expressions of opinion and that it was error to submit them to the jury or to permit the jury to decide that they constituted statements of fact (*Hickey* v. *Morrell*, 102 N. Y. 454; *Benz* v. *Kaderbeck*, 241 App. Div. 583; *Hatton* v. *Cook*, 166 id. 257; 1 Bigelow on Fraud, p. 491), at least in the absence of

a finding by the jury that the opinion was not honestly entertained or was without reasonable foundation. Otherwise persons in the position of these defendants would be criminally responsible for the mere assertion of an erroneous opinion honestly entertained. Here the issue of the good faith of the defendants in stating these opinions was withdrawn by the court from the consideration of the jury. The jury consequently has not found, though upon this record it might have found had the question been submitted, that these statements of opinion by the defendants were consciously untrue.

We are further of opinion that the alleged representation numbered 5 should not have been submitted to the jury. It is significant that the indictment does not correctly set forth the statement which appears in the booklet as follows: "We do not guarantee mortgages on buildings which do not exist but wait until the building is built and the security is there." That statement can only be construed to mean that the company did not guarantee loans on buildings thereafter to be constructed, known as "building loans," and, therefore, was not shown to be false by proof that the company had guaranteed loans on vacant land.

The judgments of conviction should be reversed and a new trial ordered.

DORE, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes for affirmance.

Judgments reversed and a new trial ordered.