Edgar J. Nathan, Jr., J.
This is a motion to dismiss the complaint for legal insufficiency. The complaint in essence seeks rescission of a sale of stock of the corporate defendant on the ground of fraudulent representations as to its value. Defendants rely on the general rule to the effect that representations as *904 to value, however false and misleading, are not actionable. (See Ellis v. Andrews, 56 N. Y. 83.) This rule is based on the doctrine of caveat emptor, and considers such representations to be no more than expressions of opinion, leaving to the purchaser the obligation of relying upon his own judgment as to value (Rothstein v. Rothstein, 66 N. Y. S. 2d 884). It is significant, however, that the court in the Ellis case (supra) in a note appended to its decision indicated that the case was distinguishable from Simar v. Canaday (53 N. Y. 298), pointing out that all statements by a vendor of the value of property sold are not mere matters of opinion, if the vendor knew them to be untrue, intended to mislead, and factors existed whereby the purchaser relying on such representations could not or would not make inquiries he otherwise would have made.
In motions of this kind the complaint must be liberally construed, and every intendment and fair inference must be drawn in its favor. Furthermore, the truth of the allegations of the complaint must be assumed.
The allegations that plaintiff did not have access to the books of the corporation, and that the transaction was with his brother must be considered. ‘ ‘ An expression of opinion may, under many circumstances, amount to fraud where there is a relation of trust and confidence between the parties (23 Am. Jur., Fraud and Deceit, § 30.) This relationship need not be a formal fiduciary one; it is sufficient that one can reasonably be expected to confide in the other. Thus, while the expression of an opinion is not of itself actionable, it may be so if it is “ so expressed as to bind the person making it to its truth whether it take the form of an opinion or not ” (Hickey v. Morrell, 102 N. Y. 454, 463).
Whether the alleged representations as to the value are merely expressions of opinion or belief, or affirmations of fact to be relied upon, are among the questions for the trial that are raised by this pleading. Plaintiff may not be able to establish that the representations made are sufficient to entitle him to the relief sought, but the allegations of the complaint must be deemed sufficient to set forth a cause of action for rescission.
For the foregoing reasons, the motion is denied.