■ JACK SELCOW et al., Respondents, v. WALTER D. FLOERSHEIMER et al., Doing Business under the Name of SUTRO BROS. & Co., Appellants.— Judgment entered on June 7, 1963, in favor of plaintiff Selcow in the sum of $22,693.13 and plaintiff Excelsior Thread Mills, Inc., in the sum of $11,346.56, unanimously reversed, on the law and on the facts, as against the weight of the credible evidence, and a new trial directed in the interests of justice, with costs to abide the event. This action by plaintiffs against defendant stockbrokers is grounded in fraud. Defendants were required to exercise the "utmost good faith and loyalty and not to act in any manner inconsistent with [their] agency or trust". (*John J. Reynolds, Inc.* v. *Snow,* 11 A D 2d 653, affd. 9 N Y 2d 785.) Plaintiffs allege they were fraudulently induced to sell stock held by them. Defendants are alleged to have represented regarding the corporation whose stock plaintiffs owned: "Something disturbing has happened to Development Corporation. I can't go into details now * * * but it is of great urgency to get out of the stock immediately. * * * How come you don't sell your own? * * * I can't sell. We have a secret agreement. I am not allowed to sell. * * * This is cancerous. Get out." Further, one of the defendants testified "there is nothing new." Defendant Walter D. Floersheimer was a director, chairman of the executive committee and the largest stockholder of the corporation. The evidence is that defendants held themselves out as possessing special knowledge of the internal affairs of the corporation and that plaintiffs by reason thereof relied on defendants' representations and opinions as to its financial condition. (See *Hickey* v. *Morrell,* 102 N. Y. 454.) If plaintiffs had been content with proof that the corporation was progressing and its prospects were favorable, rather than bleak, they might have established a basis for recovery. Instead, however, plaintiffs assumed to prove the defendants fraudulently withheld from them information as to pending corporate opportunities. The difficulty on that score is that the record fails to establish the alleged corporate opportunities at the time of the sale of the stock by plaintiffs. Although the circumstances attending the purchase of the shares of stock sold by the plaintiffs might well be regarded as suspicious, it may not be assumed in the absence of evidence thereof that one or more favorable corporate opportunities existed at the time of the sale, knowledge of which defendants or one who acted on behalf of them knowingly withheld from the plaintiffs. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.