■ SOUTHERN TIER SMALL BUSINESS INVESTMENT CORPORATION, Respondent, v. HERMAN ABEL, Defendant, and SELWYN KAGAN, Appellant.— *Per Curiam.* Appeal (1) from an order of the Supreme Court at Special Term which, in an action to recover upon promissory notes, dismissed the affirmative defenses set forth in defendant-appellant's answer and thereupon granted summary judgment in favor of plaintiff, the payee of the notes, which were made by a hotel corporation and indorsed by appellant; and (2) from the judgment entered upon said order. The rights and liabilities of the parties are governed by the provisions of the former Negotiable Instruments Law and not by those of the Uniform Commercial Code. (See Uniform Commercial Code, §§ 10–101, 10–105.) Appellant asserts the defense that he was induced by respondent payee to indorse the notes by the fraudulent misrepresentations of the payee's president that the indorsement was meaningless, was wanted only for "window dressing" and would not be enforced. Additionally, appellant asserts overreaching on the part of the president who, as appellant's accountant and business advisor, maintained a relationship of trust and confidence with him. The main thrust of respondent's argument is to the weight and credibility and the corroboration or substantiation of appellant's factual averments. We find the latter sufficient to identify and define triable issues and at this juncture, of course, it is not the court's function to determine them. Respondent does attack one asserted issue — that of conditional delivery — on legal grounds and correctly contends that no such issue has been demonstrated by the proof. Respondent asserts, also, that the allegations of fraudulent inducement relate to opinion and futurity and are not within the category of actionable fraud predicated upon misrepresentations of past or existing fact, citing *Benz* v. *Kaderbeck* (241 App. Div. 583) and *Bareham & McFarland* v. *Kane* (228 App. Div. 396); but, even if it be assumed that respondent correctly classifies the representations asserted, the allegations of confidential relationships and of overreaching may, upon proper proof, bring the case within the recognized exceptions to the rule (see *Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348; *Hickey* v. *Morrell*, 102 N. Y. 454; *Wood* v. *Rabe*, 96 N. Y. 414). There is evidentiary showing of an additional defense, grounded upon the general allegations hereinbefore quoted, which, if substantiated upon the trial, would be sufficient to defeat the action. Thereunder, it will be open to appellant to show by competent proof, including parol evidence, that the notes are "accommodation paper and to identify the accommodation party and the person

accommodated", despite the recitation of "value" appearing in each indorsement form. (41 N. Y. Jur., Negotiable Instruments, § 396, p. 612; *Haddock, Blanchard & Co.* v. *Haddock,* 192 N. Y. 499; *Ryan* v. *Sullivan,* 143 App. Div. 471.) Under the former act, appellant's status as an accommodation party depends upon the absence of value or consideration to him (Negotiable Instruments Law, § 55; 41 N. Y. Jur., Negotiable Instruments, § 107, p. 314) and if this factual issue be resolved in favor of appellant, he will not be liable to respondent — the party accommodated — appellant being, in essence, "a surety and an accommodation party, and thus not liable to the party accommodated but otherwise liable on the instrument in the capacity in which he has signed." (41 N. Y. Jur., Negotiable Instruments, § 394, p. 606; § 395; § 106, pp. 312–313, and cases there cited.) Order modified, on the law and the facts, so as to deny plaintiff's motion to dismiss the first affirmative defense set forth in defendant Kagan's answer, so as to deny plaintiff's motion for summary judgment against defendant Kagan and so as to delete the award of costs against defendant Kagan, and, as so modified, affirmed; and judgment as against defendant Kagan reversed and vacated accordingly; with $20 costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.