■ Claire S. Black et al., Appellants, v Ralph Chittenden, Respondent.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 11, 1985 in Columbia County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

On July 24, 1981, plaintiff Claire S. Black (hereinafter the individual plaintiff) purchased the corporate stock in a bowling alley, plaintiff Lar-A-Bowl, Inc. (hereinafter the corporate plaintiff), from defendant. Four instruments effectuated the sale: a stock purchase agreement, a noncompetition agreement, a certificate of indebtedness and an agreement purchasing goodwill. The individual plaintiff has remained in exclusive control of the bowling alley since consummation of the sale.

In a February 1985 letter, dispatched following an inspection made at the request of an officer of the corporate plaintiff,

a representative of a company specializing in bowling equipment and supplies advised that the wood lanes had been irreparably damaged as a result of mistreatment and poor maintenance by defendant in the 1970s and 1980s when he owned the bowling alley. In an uncontroverted affidavit submitted in response to defendant's motion for summary judgment, the representative reiterated this opinion and indicated further that epoxy injections made to the lanes while defendant owned them was a stopgap measure which shortened their life expectancy. The corporate plaintiff, which was apparently in financial difficulty, ceased making payments to defendant on its $125,000 certificate of indebtedness. In August 1985 plaintiffs commenced the instant suit.

Three causes of action are advanced. The first asserts that defendant fraudulently induced the 1981 sale by misrepresenting to the individual plaintiff that the bowling lanes "were in good repair and operating condition". In the second cause of action, it is alleged that defendant is liable to indemnify the individual plaintiff in the amount of $100,000 for loss occasioned by defendant's failure to properly care for the lanes prior to July 24, 1981. This cause of action is bottomed on defendant's covenant, contained in the stock purchase agreement, that: "Since July 1, 1980 and up to the time of execution of this agreement, there has not been * * * Any damage, destruction or loss, whether or not covered by insurance, materially and adversely affecting any of the properties or business of the corporation." It is plaintiffs' contention that the continuing damage to the lanes during defendant's ownership in this period violated the foregoing provision and triggered defendant's obligation to indemnify the individual plaintiff. The third cause of action seeks a declaration of the parties' rights with respect to an offset provision of the certificate of indebtedness.

In awarding defendant summary judgment, Special Term refused to interpret the written instruments as establishing that defendant made representations as to the condition of the bowling alley. We agree and affirm.

In our opinion, this complaint is simply plaintiffs' attempt to excuse their failure to make the required payments to defendant on a certificate of indebtedness and to obtain some relief by attempting affirmatively what would be insufficient defensively. Significantly, the complaint was not served until four years after the purchase of the bowling alley by the individual plaintiff and at a time when plaintiffs were experi-

encing severe financial difficulty, having made no payments since April 1985.

At the time of the sale, the condition of the lanes was as apparent to the individual plaintiff as it was to defendant. There is no showing that defendant possessed superior knowledge. Defendant's alleged oral misrepresentation that the lanes "were in good repair and operating condition" could not be relied upon by plaintiffs in the circumstances, even assuming that the statement was made. The complaint failed to plead knowledge by defendant of the falsity of the alleged misrepresentation and failed to comply with the requirement of particularity, especially as to damages *(see,* CPLR 3016 [b]; *State of New York v Stroup,* 70 AD2d 752-753; *M.B.L. Distribs. v Kahn,* 58 AD2d 806).

Furthermore, the attempted cause of action for indemnification arising out of the stock purchase agreement is not tenable. Improper maintenance is not "damage, destruction or loss" within the meaning of the agreement, and Special Term properly so found.

Order affirmed, with costs. Kane, J. P., Casey and Levine, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent and vote to reverse and reinstate the complaint. With respect to the fraud cause of action, statements—even opinions—by a party who, like defendant, has superior knowledge of material facts which induce another to enter into a contract are actionable if false *(West Side Fed. Sav. & Loan Assn. v Hirschfeld,* 101 AD2d 380, 385-386, *appeal dismissed* 63 NY2d 677). As the owner and operator of the lanes prior to the 1981 sale, defendant possessed superior knowledge of their condition and maintenance. Moreover, in the noncompetition agreement he expressly attests to his "expertise in the conduct and operation of bowling establishments". In our view, the individual plaintiff's proof suffices to withstand summary judgment on the first cause of action.

Nor do we agree that, as a matter of law, the stock purchase agreement does not furnish a basis for indemnification for damage to the corporate plaintiff's property suffered between July 1980 and July 24, 1981. Defendant's claimed mistreatment with resultant continual deterioration of the alleys could reasonably be construed as damage. Accordingly, the second cause of action should not have been dismissed.

Our proposed disposition requires us to also evaluate plain-

tiffs' cross motion to dismiss defendant's Statute of Limitations' defense, a matter not heretofore addressed because of the decisions dismissing the complaint. The cross motion has force for the gravamen of the complaint is clearly fraud; hence the six-year, not the three-year, Statute of Limitations applies (see, 35 NY Jur, Limitations and Laches, § 52, at 549; cf. *Queensbury Union Free School Dist. v Walter Corp.*, 101 AD2d 992, 993, *affd* 64 NY2d 964). On the other hand, defendant's laches defense remains viable for questions of fact exist relating to plaintiffs' delay of four years in discovering the alleged misrepresentations.