OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to *668 reinstate the first cause of action and to dismiss the Statute of Limitations defense and, as so modified, affirmed.
The allegations contained in the first cause of action,* as amplified by the supporting affidavits (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 182), state facts from which a jury may infer that "the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged” and, therefore, states a cause of action in fraud (Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403, 406407). Contrary to the conclusion of the majority at the Appellate Division (121 AD2d 819, 821), the allegations in the fourth paragraph of the complaint that the statements "were false and were known by the defendant to be false when made by [defendant]” are sufficient to plead defendant’s knowledge of falsity (Sabo v Delman, 3 NY2d 155, 159). Furthermore, none of the agreements annexed to defendant’s motion papers contain any discliamer of reliance on oral representations such as was involved in Citibank v Plapinger (66 NY2d 90, rearg denied 67 NY2d 647).
The complaint also contains "sufficient detail to clearly inform [the] defendant with respect to the incidents complained of’ (Lanzi v Brooks, 43 NY2d 778, 780) and, therefore, complies with the additional requirement of CPLR 3016 (b) that in an action for fraud, "the circumstances constituting the wrong shall be stated in detail.” It is not necessary to satisfy this requirement that the measure of damages be pleaded, "so long as facts are alleged from which damages may properly be inferred” (A. S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 383; Kensington Pub. Corp. v Kable News Co., 100 AD2d 802). The allegations of deterioration to the bowling lanes and their need for extensive repairs satisfy this requirement.
The misrepresentation here alleged is that the lanes were in "good repair and operating condition.” Like the statement held actionable in Hickey v Morrell (102 NY 454 [that a warehouse was "fire-proof on the exterior”]), defendant’s representation may reasonably be construed as a matter of "description and affirmation” (102 NY, at p 459) actionable in fraud as an expression of fact rather than opinion. Further, defendant’s failure to inform plaintiff’s representa *669 tive that he had in the past employed certain stopgap maintenance procedures which shorten the life of the lanes supports the inference that he intended the representation as one of fact aimed at "diverting] attention and [further] inquiry” from the condition of the lanes (Gray v Richmond Bicycle Co., 167 NY 348, 357). Here, as in Schumaker v Mather, 133 NY 590, 594-595), therefore, the "meaning and intention of the speaker” presents a fact question for the jury.
Whether, pursuant to the rule of Schumaker v Mather (supra), the condition of the lanes was a matter "peculiarly within [defendant’s] knowledge” (133 NY, at p 596, supra) and whether plaintiffs could have discovered the truth about them through the "exercise of ordinary intelligence” (ibid.) likewise present questions of fact mandating the denial of defendant’s summary judgment motion. As recognized by the dissenters below (121 AD2d, at p 821), not only was defendant the sole shareholder and manager of the bowling alley for the seven years prior to its sale, but also he attested in the parties’ noncompetition agreement to his expertise in the management of its affairs. In contrast, the individual plaintiff , had no prior involvement with the corporation and no prior expertise in the bowling business, and the condition of which she now complains was, according to plaintiffs’ expert, not detectable to the untrained eye at the time when the misrepresentation allegedly was made.
Furthermore, the fact that plaintiffs solicited and received assurances from defendant that the lanes were in "good repair and operating condition” can hardly be deemed so implausible as to permit the conclusion that plaintiffs’ allegations are necessarily feigned (see, Millerton Agway Coop. v Briarcliff Farms, 17 NY2d 57). In concluding otherwise, the Appellate Division erred in focusing on the fact, that plaintiffs did not commence the action until in default (see, ibid., at p 63) and resolved credibility questions properly left for the trier of fact (compare, Curry v Mackenzie, 239 NY 267, with General Inv. Co. v Interborough R. T. Co., 235 NY 133).
We have considered defendant’s remaining contentions and find them to be without merit.
The Appellate Division, therefore, erred in affirming Special Term’s order insofar as it granted summary judgment dismissing plaintiffs’ first cause of action.
Finally, for the reasons stated in the dissenting memorandum at the Appellate Division (121 AD2d, at p 821), we agree *670 that while Special Term correctly denied plaintiffs’ cross motion to dismiss the defense of laches, that court erred in refusing to grant so much of the motion as seeks the dismissal of the Statute of Limitations defense.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to plaintiffs, in accordance with the memorandum herein and, as so modified, affirmed.

On their appeal to this court, plaintiffs have abandoned their second and third causes of action.